IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3107-D

| | | |
|---|---|---|
| JEFFREY DENNARD McNEAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OBIE GIBSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On August 15, 2008, Jeffrey Dennard McNeair ("McNeair" or "plaintiff"), a federal inmate at the Low Security Correctional Institution in Butner, North Carolina ("LSCI Butner"), filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Plaintiff named as defendants Lieutenant Obie Gibson ("Gibson"), Lieutenant Michael Allen, Counselor Brandon Brooks, Case Manager Regina Williams, Counselor Craig Stancil, and Disciplinary Hearing Officer Jeff Tilley (collectively "defendants").

On September 21, 2009, the court granted summary judgment to all defendants [D.E. 17]. McNeair appealed, and on May 26, 2010, the United States Court of Appeals for the Fourth Circuit affirmed as to all claims except McNeair's excessive force claim against Gibson. As for that claim, the Fourth Circuit remanded "for further consideration in light of Wilkins v. Gaddy, 130 S. Ct. 1175 (2010)." McNeair v. Gibson, 380 F. App'x 305, 305 (4th Cir. 2010) (per curiam) (unpublished). On October 18, 2010, Gibson renewed his motion to dismiss or for summary judgment [D.E. 27]. Because Gibson attached materials that are outside the scope of the pleadings, the court construes the motion as requesting summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v.

Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified McNeair about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 29]. McNeair did not respond, and the time within which to do so has expired.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted).

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

In the light most favorable to plaintiff, the facts are as follows. On February 25, 2007, Officer Allred summoned Gibson in response to McNeair's alleged disobedience of a direct order and insolence towards staff. Compl. 21.[1] After speaking with Officer Allred, Gibson informed

---

[1]McNeair did not name Officer Allred as a defendant.

2

McNeair that he was being moved to the Segregated Housing Unit and instructed McNeair to gather his belongings. Id. McNeair grabbed his radio and noticed that Officer Allred looked like she had been crying. Id. Gibson then allegedly poked his finger into McNeair's chest and stated, "you think I am going to let you take that s[**]t after the way you talked to my women staff." Id. McNeair responded loudly, "Why are you putting your damn hands on me." Id. According to McNeair, "out of nowhere . . . [Gibson hit McNeair's] face, with his elbow landing a deadly blow to the right side of [McNeair's] head knocking [McNeair] on the floor." Id. McNeair also alleges that Gibson hit him with his knees and forearm, while making racially insulting and abusive remarks. Id. McNeair claims that Gibson's excessive force and verbal abuse violated the Eighth Amendment. Id. at 4, 6.

Gibson moves for summary judgment contending that McNeair's claim against him fails because McNeair cannot satisfy the objective and subjective prongs of the test for an Eighth Amendment excessive-force claim. Def.'s Mem. 2–11; see, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an Eighth Amendment claim for cruel and unusual punishment, a prisoner must establish a deprivation of a basic human need that was sufficiently serious, and that prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298. The objective element generally requires more than a de minimis use of force. See, e.g., Hudson v. McMillian, 503 U.S. 1, 9–10 (1992). "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins, 130 S. Ct. at 1178. "The core judicial inquiry . . . [is] whether force was applied . . . maliciously and sadistically to cause harm." Id. As the Supreme Court explained in Wilkins:

[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action.

3

> The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.

Id. (quotations and citations omitted).

McNeair contends that Gibson threw "a deadly blow to his head," causing "pain to his head, neck, knees and his eyes became blood-shot red from the blood that drained from the head blow." Compl. 7. However, McNeair's medical records belie his description of his injuries. See Def.'s Mem., Ex. 2 ("Inmate Injury Assessment and Followup" form). Indeed, the records state that McNeair presented for treatment within five minutes of the incident. Id. At that time, McNeair described the incident as follows: "The [lieutenant] just pushed me and started hitting me." Id. On examination, medical staff observed redness on the left and right shoulders and a scratch to the right forehead. Id. No additional findings were noted. Id. The assessment indicated "no [treatment] needed at this time." Id. Medical staff advised McNeair to notify them "if pain worsens." Id. Thus, the injury required "no medical attention." Id. Neither party submitted any additional medical records.

McNeair has failed to raise a genuine issue of material fact concerning the objective or subjective prongs of the Eighth Amendment test. McNeair has not shown that Gibson used force "of a sort repugnant to the conscience of mankind." Wilkins, 130 S. Ct. at 1178. He also has not shown that Gibson had a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298. Accordingly, McNeair's excessive-force claim against Gibson fails.

For the reasons stated above, the court GRANTS defendant Gibson's motion for summary judgment [D.E. 27]. The Clerk of Court is DIRECTED to close the case.

4

SO ORDERED. This 18 day of April 2011.

JAMES C. DEVER III
United States District Judge